UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| PATRICIA BURKE<br>6102 Old Airpark Lane,<br>Owings, Maryland 20736,<br><br>    *Plaintiff*,<br><br>    v.<br><br><br>JAMES MATTIS, SECRETARY,<br>U.S. DEPARTMENT OF DEFENSE,<br><br>    *Defendant*. | Case No. 1:16-cv-1256 GBL/JFA |

**FIRST AMENDED COMPLAINT**

1.     Plaintiff Patricia Burke files this amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) with the written consent of Defendant. Plaintiff represents to the Court that Defendant has reviewed this complaint and given Plaintiff written consent to file this complaint without leave of Court.

2.     Plaintiff Patricia Burke bring this complaint for monetary and equitable relief, through counsel, against Defendant James Mattis, the Secretary of the United States Department of Defense (DoD), for reprisal in violation of the 1972 Amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17.

3.      Plaintiff also brings this complaint for monetary and equitable relief, through counsel, for reprisal in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et. seq.*

## JURISDICTION & VENUE

4.      This Court has jurisdiction and venue over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), made applicable to this action against a federal agency employer by 42 U.S.C. § 2000e16(c) and by 29 U.S.C. §794a(a)(2).

## PARTIES

5.      Ms. Burke is a resident of Owings, Maryland and an employee of the Department of Defense, Defense Security Service, in Quantico, Virginia.

6.      Defendant, the Honorable James Mattis, is the official agency head of Ms. Burke's employer, the DSS.

## FACTS

7.      Ms. Burke is a female resident of Owings, MD and she has been an employee of the DSS since January 3, 2011.

8.      She is employed as a Program Analyst.

9.      Since on or about April 13, 2013, she has been subject to ongoing sex-based discrimination, sex-based harassment, and reprisal for protected activity, as more further

described below. Ms. Burke elects not to pursue further remedies she is entitled to for *only* sex-based discrimination and harassment.

10.     In particular, in 2013, DSS denied Ms. Burke's applications for telework, a compressed work schedule, and a flexible work schedule, while approving similar requests made by Ms. Burke's male colleagues.

11.     Ms. Burke first contacted DSS's Equal Employment Opportunity ("EEO") office on or around August 13, 2013, alleging sex-based discrimination in employment.

12.     Since that initial complaint, Ms. Burke has been continuously seeking redress through DSS's Agency Program to Promote Equal Employment Opportunity, as required by 29 C.F.R. § Part 1614.

13.     The entirety of Ms. Burke's efforts seeking redress are protected activity.

14.     Since Ms. Burke began engaging in protected activity, DSS has engaged in reprisal against her, to include continued gender-based discrimination and harassment.

15.     Specifically, DSS, through Ms. Burke's supervisors Frank Malafarina, Carl Taylor, Mark Allen, and William Stephens, was denied further requests for modifications to her work schedule.

16.     In addition, after she began engaging in protected activity, DSS rated her with a lower performance rating than she had received in prior years, because she had engaged in protected activity.

3

17.     In addition, after she began engaging in protected activity, DSS required Ms. Burke to use leave in order to express breastmilk for her child, while employees who had not engaged in protected activity were not so required.

18.     In addition, after she began engaging in protected activity, DSS excluded Ms. Burke from important staff meetings and functions.

19.     In addition, after she began engaging in protected activity, Mr. Malafarina has made public comments about or alluding to Ms. Burke which have had the effect of shaming and embarrassing Ms. Burke for her gender and protected activity.

20.     In addition, after she began engaging in protected activity, DSS required Ms. Burke to account for her schedule while note requiring the same of males of persons who had not engaged in protected activity.

21.     In addition, after she began engaging in protected activity, DSS management attempted to further isolate Ms. Burke from her colleagues by warning those sympathetic to Ms. Burke about their relationship with Ms. Burke.

22.     As a result of increasing stress and anxiety arising out of the ongoing harassment, discrimination, and reprisal, Ms. Burke, a qualified individual with a disability, with the support of her physician, first requested a reasonable accommodation on October 11, 2013, requesting telework.

4

23.     DSS denied that request in order to retaliate against Ms. Burke for her protected activity and in violation of the rehabilitation act.

24.     Ms. Burke incorporates the allegations she has made in her protected activity into this complaint.

## ADMINISTRATIVE EXHAUSTION

25.     Ms. Burke has exhausted her administrative remedies.

26.     After Ms. Burke filed timely complaints of discrimination, which were accepted, the DSS issued a Final Agency Decision, pursuant to 29 C.F.R. §1614.110(b) on July 5, 2016.

27.     This complaint is filed within 90 days of the issuance of that Final Decision, as required by 29 C.F.R. §1614.407(a).

28.     The Final Agency Decision found that the evidence established that DSS subjected Ms. Burke to a hostile work environment as a result of Ms. Burke's protected activity.

## COUNT I
*Reprisal: Violation of The Rehabilitation Act and Title VII of the Civil Rights Act*

29.     Ms. Burke re-alleges every preceding paragraph.

30.     Ms. Burke is an employee of the DSS.

31.     DSS is Ms. Burke's employer.

32.     Since August 2013, Ms. Burk has been continuously engaged in protected activity.

33.     Because of that protected activity, DSS, through her supervisors, have continuously subjected her to a hostile work environment sufficient to alter the terms and conditions of her employment.

34.     As a result, Ms. Burke incurred monetary harm and non-monetary harm in the form of emotional distress.

## RELIEF DEMANDED

35.     Ms. Burke respectfully requests that the Court find that Defendant has violated her federally-protected rights and award her non-monetary compensatory damages for severe emotional distress, in an amount to be determined at trial.

36.     Ms. Burke respectfully requests that the Court find that Defendant has violated her federally-protected rights and award her reasonable attorneys' fees and costs.

37.     Ms. Burke respectfully requests that the Court find that Defendant has violated her federally-protected rights and order Defendant to refrain from all further violations of her federally-protected rights.

**MS. BURKE DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: July 7, 2017

Respectfully Submitted,

/s _____

Jacob M. Small (VSB # 84460)
Attorney for Patricia Burke
J. Madison PLC
1750 Tysons Blvd.
Suite 1500
McLean, Virginia 22102
P (703) 910-5062
F (703) 910-5107
jmsmall@jmadisonplc.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I emailed the foregoing FIRST AMENDED

COMPLAINT to the following attorney of record:

Andrew S. Han
The United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3970
andrew.han@usdoj.gov

*Counsel for the Secretary of Defense*

/s
Jacob M. Small (VSB # 84460)
Attorney for Patricia Burke
J. Madison PLC
1750 Tysons Blvd.
Suite 1500
McLean, Virginia 22102
P (703) 910-5062
F (703) 910-5107
jmsmall@jmadisonplc.com

8