**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| PATRICIA BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16cv1256 (LO/JFA) |
| | ) | |
| JAMES MATTIS, Secretary, United States Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Pursuant to this Court's order of February 15, 2017 (Dkt. No. 10), Defendant James Mattis, Secretary, United States Department of Defense, through his undersigned counsel, hereby respectfully submits the following list of objections to Plaintiff's proposed exhibits for the trial in the above-captioned matter.

## OBJECTIONS

These objections reflect the present status of the above-captioned matter. As such, by not objecting to certain exhibits on grounds of relevance, Defendant does not waive such objections in the event that any exhibit becomes irrelevant because of this Court's ruling on any potential motion for summary judgment or motion in limine to be filed in advance of trial, or to suggest that certain topics are pertinent to the claims remaining against Defendant.

Additionally, several of these objections are objections only to the introduction and admission of the exhibit as affirmative evidence, and as such, Defendant reserves the right to utilize and admit particular exhibits as impeachment if necessary. Further, some of these objections (especially on the basis of relevance or hearsay) relate solely to Plaintiff's claims

1

against Defendant, and in this respect, Defendant takes no position on whether the exhibit in question would be admissible against any other party.

Plaintiff has identified several exhibits in their exhibit list that appear to be chains of electronic mail messages, which she appears to intend to introduce into evidence in their entirety. As such, some of these objections, especially those presented on hearsay grounds, relate only to certain messages within the overall chain, and thus, not necessarily to the entire chain itself. Moreover, Plaintiff has identified several exhibits that appear to be multiple discrete documents that often are unrelated to each other, or have identified incomplete portions of documents as exhibits or portions of exhibits. Defendant's objections to these compilations of exhibits similarly may relate only to certain documents within the compendium or incomplete exhibit, and not necessarily to every document included within the compendium or, where a partial document was included in the exhibit, to the complete document.

In addition, several of the versions of exhibits that Plaintiff provided to Defendant pursuant to this Court's February 15, 2017, order contain information—other than a Bates stamp—appearing in the header and/or footer of the document that was not part of the document when it was created by the original author. Therefore, some of these objections relate only to the inclusion by Plaintiff of such information as improper and irrelevant.

Defendant reserves the right to waive any of these objections, to interpose objections based upon authentication, foundation, and—depending on usage—hearsay, and to add to these objections based upon any ruling this Court might enter on the parties' pre-trial motions.

//

//

//

2

| PLAINTIFF'S EXHIBIT NO. | OBJECTION(S) |
|---|---|
| 1 | Improper Exhibit[1]; Not Provided[2] |
| 1(a)[3,4] | Relevance (FRE 401, 402, 403) |
| 1(b)[5] | |
| 1(c)[6] | |
| 1(d)[7] | |
| 1(e)[8] | |
| 1(f)[9] | |
| 1(g)[10] | Hearsay (FRE 802) |
| 1(h)[11] | Hearsay (FRE 802) |
| 1(i)[12] | Relevance (FRE 401, 402, 403) |

---

[1] Exhibit 1 comprises multiple documents that are not separately identified in Plaintiff's Exhibit List. Defendant reserves the right to interpose amended objections in the event that Plaintiff later separately identifies or describes the documents constituting Exhibit 1.

[2] Plaintiff's Exhibit List describes Exhibit 1 as "All Documents Provided to Liza Gold, M.D." Plaintiff's counsel has advised undersigned counsel that this exhibit comprises fourteen separate files; however, as of the filing of these objections, undersigned counsel has only received copies of eleven files identified as "All Documents Provided to Liza Gold, M.D." from Plaintiff's counsel. To the extent Plaintiff actually intends to introduce different and/or additional documents as Exhibit 1, Defendant reserves the right to amend this objection as necessary.

[3] Other than the file name, Plaintiff did not separately enumerate the documents composing Exhibit 1—i.e., "All Documents Provided to Liza Gold, M.D." For ease of reference in these objections, Defendant has assigned labels "1(a)" to "1(k)" to the eleven files that were received from Plaintiff and identified as Exhibit 1.

[4] This file is labeled "+13013746663-0511-124052-477.pdf". Defendant objects only to the inclusion of the first four pages of Exhibit 1(a) on relevance grounds.

[5] This file is labeled "2017_2_2_13_25_5 2017_01_25_16_56_48.pdf".

[6] This file is labeled "2017_2_2_13_25_36 2017_01_25_16_56_48.pdf".

[7] This file is labeled "2017_2_2_13_25_59 2017_01_25_16_56_48.pdf".

[8] This file is labeled "2017_2_2_13_26_21 2017_01_25_16_56_48.pdf".

[9] This file is labeled "2017_2_2_13_26_26 2017_01_25_16_56_48.pdf".

[10] This file is labeled "2017_04_06_22_22_07 JMS Interview with Roger Burke, Part 1_ Burke.mp4".

[11] This file is labeled "2017_04_06_22_22_07 JMS Interview with Roger Burke, Part 2_ Burke.mp4".

[12] This file is labeled "2017-02-13 Answer [dckt 8_0].pdf" and appears to be Defendant's Answer in this case. (Dkt. No. 8.) On July 24, 2017, with the Court's permission, Plaintiff filed an amended complaint. (Dkt. No. 41.) Defendant anticipates filing an answer to the amended

| PLAINTIFF'S EXHIBIT NO. | OBJECTION(S) |
|---|---|
| 1(j)[13] | |
| 1(k)[14] | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 2 | Hearsay (FRE 802) |
| 3 | Improper Exhibit; Relevance (FRE 401, 402, 403)[15] |
| 4 | Hearsay (FRE 802) |
| 5 | Hearsay (FRE 802) |
| 6 | Hearsay (FRE 802); Improper Exhibit; Relevance (FRE 401, 402, 403)[16] |
| 7 | Hearsay (FRE 802); Improper Exhibit; Relevance (FRE 401, 402, 403)[17] |
| 8 | Improper Exhibit; Relevance (FRE 401, 402, 403)[18] |
| 9 | Incomplete (FRE 106) |
| 10 | Hearsay (FRE 802) |
| 11 | |
| 12 | Hearsay (FRE 802) |
| 13 | Hearsay (FRE 802) |
| 14 | |
| 15 | Hearsay (FRE 802) |
| 16 | Hearsay (FRE 802); Compromise Offers and Negotiations (FRE 408) |
| 17 | Hearsay (FRE 802) |
| 18 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 19 | |
| 20 | |

complaint, which would supersede Defendant's original answer. As such, Defendant objects to the relevance of Exhibit 1(i).

[13] This file is labeled "DSS-00000479.pdf".

[14] This file is labeled "E.D. Va. 16-cv-01256 dckt 000001_000 filed 2016-10-03.pdf" and appears to be Plaintiff's Complaint in this case. (Dkt. No. 1.) On July 24, 2017, with the Court's permission, Plaintiff filed an amended complaint, which superseded Plaintiff's original complaint. (Dkt. No. 41.) As such, Defendant objects, *inter alia*, to the relevance of Exhibit 1(k).

[15] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[16] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[17] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[18] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

| PLAINTIFF'S EXHIBIT NO. | OBJECTION(S) |
|---|---|
| 21 | |
| 22 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403); Incomplete (FRE 106) |
| 23 | |
| 24 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 25 | Incomplete (FRE 106) |
| 26 | |
| 27 | Hearsay (FRE 802); Compromise Offers and Negotiations (FRE 408); Relevance (FRE 401, 402, 403) |
| 28 | Incomplete (FRE 106) |
| 29 | |
| 30 | Incomplete (FRE 106); Relevance (FRE 401, 402, 403) |
| 31 | Hearsay (FRE 802) |
| 32 | Hearsay (FRE 802) |
| 33 | Hearsay (FRE 802) |
| 34 | Relevance (FRE 401, 402, 403) |
| 35 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 36 | Hearsay (FRE 802) |
| 37 | Hearsay (FRE 802) |
| 38 | Improper Exhibit; Relevance (FRE 401, 402, 403)[19] |
| 39 | Hearsay (FRE 802); Incomplete (FRE 106); Relevance (FRE 401, 402, 403) |
| 40 | |
| 41 | |
| 42 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 43 | Hearsay (FRE 802) |
| 44 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 45 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403); Incomplete (FRE 106) |
| 46 | |
| 47 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403); Incomplete (FRE 106) |
| 48 | |
| 49 | Hearsay (FRE 802) |
| 50 | Hearsay (FRE 802) |
| 51 | Hearsay (FRE 802); Relevance (FRE 401, 402, 403) |
| 52 | Improper Exhibit; Relevance (FRE 401, 402, 403)[20] |

---

[19] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

| PLAINTIFF'S EXHIBIT NO. | OBJECTION(S) |
|---|---|
| 53 | Hearsay (FRE 802) |
| 54 | |
| 55 | |
| 56 | |
| 57 | Hearsay (FRE 802) |
| 58 | Hearsay (FRE 802); Improper Exhibit[21] |
| 59 | Hearsay (FRE 802); Cumulative (FRE 403) |
| 60 | Hearsay (FRE 802); Improper Exhibit; Relevance (FRE 401, 402, 403)[22] |
| 61 | Hearsay (FRE 802); Improper Exhibit; Relevance (FRE 401, 402, 403)[23] |
| 62 | Hearsay (FRE 802); Improper Exhibit; Relevance (FRE 401, 402, 403)[24] |
| 63 | Hearsay (FRE 802) |
| 64 | |
| 65 | Hearsay (FRE 802); Incomplete (FRE 106) |
| 66 | |
| 67 | Improper Exhibit; Relevance (FRE 401, 402, 403)[25] |
| 68 | |
| 69 | Relevance (FRE 401, 402, 403) |

---

[20] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[21] Exhibit 58 comprises multiple documents that are not separately identified in Plaintiff's Exhibit List. Defendant reserves the right to interpose amended objections in the event that Plaintiff later separately identifies or describes the documents constituting Exhibit 58.

[22] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[23] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[24] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

[25] Information—other than a Bates stamp—appears in the header and/or footer of this document that does not seem to have been part of the document when it was created by the original author. Defendant objects to such information as improper and on relevance grounds.

Dated:  July 24, 2017                              Respectfully submitted,

                                                  DANA J. BOENTE
                                                  UNITED STATES ATTORNEY

                                         *By*: _____/s/_____
                                                  ANDREW S. HAN
                                                  Assistant United States Attorney
                                                  Office of the United States Attorney
                                                  Justin W. Williams U.S. Attorney's Building
                                                  2100 Jamieson Avenue
                                                  Alexandria, Virginia 22314
                                                  Tel:    (703) 299-3970
                                                  Fax:    (703) 299-3983
                                                  Email: andrew.han@usdoj.gov
                                                  *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Jacob M. Small
J. Madison PLC
1750 Tysons Boulevard
Suite 1500
McLean, Virginia 22102
T: (703) 910-5062
F: (703) 910-5107
E: jmsmall@jmadisonplc.com

_____/s/_____
Andrew S. Han
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel:     (703) 299-3970
Fax:    (703) 299-3983
Email:  andrew.han@usdoj.gov
