**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| PATRICIA BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16cv1256 (GBL/JFA) |
| ) | |
| JAMES MATTIS, Secretary, United States ) | |
| Department of Defense, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant James Mattis, Secretary, United States Department of Defense, through the undersigned counsel, hereby respectfully submits this Answer to Plaintiff Patricia Burke's First Amended Complaint (Dkt. No. 41).

**DEFENSES**

*First*, Defendant denies each and every allegation in the First Amended Complaint except as may be expressly and specifically admitted. Defendant responds to the separately numbered paragraphs and prayer for relief in the First Amended Complaint as follows:

1. Defendant admits the allegations contained in paragraph 1.

2. The allegations contained in paragraph 2 constitute Plaintiff's characterization of her suit and conclusions of law, to which no response is required.

3. The allegations contained in paragraph 3 constitute Plaintiff's characterization of her suit and conclusions of law, to which no response is required.

4. The allegations contained in paragraph 4 constitute conclusions of law concerning jurisdiction and venue, to which no response is required.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6 only to the extent that the Defense Security Service ("DSS") is Plaintiff's employer. Defendant otherwise denies the remaining allegations contained in this paragraph.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the first sentence of this paragraph and denies that Plaintiff is entitled to any remedies.

10. Defendant admits the allegations contained in paragraph 10 only to the extent that DSS denied certain of Plaintiff's applications for a flexible work schedule in 2013. Defendant otherwise denies the remaining allegations contained in this paragraph.

11. Defendant admits the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant is without information sufficient to admit or deny the allegations contained in this paragraph.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

15. Defendant admits the allegations contained in paragraph 15 only to the extent that DSS denied certain of Plaintiff's requests for modifications to her work schedule. Defendant otherwise denies the remaining allegations contained in this paragraph.

16. The allegations contained in paragraph 16 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff received a lower performance rating for FY2013 than for FY2011 or FY2012, and Defendant otherwise denies the remaining allegations contained in this paragraph.

17. The allegations contained in paragraph 17 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

18. The allegations contained in paragraph 18 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

19. The allegations contained in paragraph 19 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

20. The allegations contained in paragraph 20 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

21. The allegations contained in paragraph 21 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

22. The allegations contained in paragraph 22 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff requested a reasonable accommodation in October 2013, and Defendant otherwise denies the remaining allegations contained in this paragraph.

23. The allegations contained in paragraph 23 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only that the referenced request was denied, and Defendant otherwise denies the remaining allegations contained in this paragraph.

24. The allegations contained in paragraph 24 constitute conclusions of law, or this paragraph is Plaintiff's incorporation of previous allegations, to which no response is required.

25. The allegations contained in paragraph 25 constitute conclusions of law, to which no response is required.

26. The allegations contained in paragraph 26 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff's complaints of discrimination were accepted in part for investigation and that a Final Agency Decision was issued on July 6, 2016, and Defendant otherwise denies the remaining allegations contained in this paragraph.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no response is required.

28. The allegations contained in paragraph 28 constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies the same.

29. Paragraph 29 is Plaintiff's incorporation of previous paragraphs, to which no response is required.

30. Defendant admits the allegations contained in paragraph 30.

31. Defendant admits the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant is without information sufficient to admit or deny the allegations contained in this paragraph.

33. The allegations contained in paragraph 33 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

34. The allegations contained in paragraph 34 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

35. The allegations contained in paragraph 35 constitute Plaintiff's Relief Demanded, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

36. The allegations contained in paragraph 36 constitute Plaintiff's Relief Demanded, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

37. The allegations contained in paragraph 37 constitute Plaintiff's Relief Demanded, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to any relief.

*Second*, Plaintiff has failed to exhaust administrative remedies for some or all of the claims alleged in timely fashion, and such claims are barred by the statute of limitations.

*Third*, the actions taken by Defendant were not such actions that would dissuade a reasonable employee from making or supporting a charge of discrimination or otherwise exercising EEO rights and, therefore, Plaintiff fails to state a claim of retaliation.

*Fourth*, although Plaintiff alleges hostile work environment based on putative protected activity, her claims actually involve discrete acts for which she has failed to exhaust administrative remedies in timely fashion, and such claims are barred by the statute of limitations.

*Fifth*, Defendant reserves the right to raise any additional defense that may become evident in these proceedings through discovery or otherwise.

Dated: July 27, 2017                                     Respectfully submitted,

                                                    DANA J. BOENTE
                                                    UNITED STATES ATTORNEY

*By*: _____/s/_____
ANDREW S. HAN
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3970
Fax:    (703) 299-3983
Email: andrew.han@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Jacob M. Small
J. Madison PLC
1750 Tysons Boulevard
Suite 1500
McLean, Virginia 22102
T: (703) 910-5062
F: (703) 910-5107
E: jmsmall@jmadisonplc.com

                                              /s/
                               Andrew S. Han
                               Assistant United States Attorney
                               Office of the United States Attorney
                               Justin W. Williams U.S. Attorney's Building
                               2100 Jamieson Ave.
                               Alexandria, VA 22314
                               Tel:    (703) 299-3970
                               Fax:    (703) 299-3983
                               Email: andrew.han@usdoj.gov