INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court--those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

1

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the Plaintiff and Defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice–through trial by jury–depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

INSTRUCTION NO. 2

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

<u>INSTRUCTION NO. 3</u>

The evidence in this case consists of the sworn testimony of the witnesses–regardless of who may have called them–all exhibits received in evidence–regardless of who may have produced them–all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.  Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.  You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

INSTRUCTION NO. 4

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

<u>INSTRUCTION NO. 5</u>

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

<u>INSTRUCTION NO. 6</u>

Inferences are simply deductions or conclusions which reason and common sense lead

the jury to draw from the evidence received in the case.

<u>INSTRUCTION NO. 7</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>INSTRUCTION NO. 8</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

INSTRUCTION NO. 9

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.  It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

10

<u>INSTRUCTION NO. 10</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

<u>INSTRUCTION NO. 11</u>

During the course of a trial, I may occasionally ask questions of a witness.  Do not

assume that I hold any opinion on the matters to which my questions may relate.  The Court may

ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

INSTRUCTION NO. 12

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

INSTRUCTION NO. 13

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

14

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

INSTRUCTION NO. 14

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

<u>INSTRUCTION NO. 15</u>

A witness may be discredited or impeached by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness whatever credibility, if any, you think it deserves.

INSTRUCTION NO. 16

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

<u>INSTRUCTION NO. 17</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

INSTRUCTION NO. 18

The federal anti-discrimination and retaliation laws applicable here provide that James Mattis, as the Secretary of the Defense, is the proper party to be named as the defendant. He is named as the defendant only because he is the head of the United States Department of Defense, of which the Defense Security Service ("DSS") is a component. It is DSS itself that is the real party in interest in this case.

INSTRUCTION NO. 19

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

<u>INSTRUCTION NO. 20</u>

During the trial, certain testimony has been presented by way of video teleconferencing.

Such testimony is entitled to the same consideration and is to be judged as to credibility, and

weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness

had been present and had testified from the witness stand in the courtroom.

INSTRUCTION NO. 21

Plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for the defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

[*You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.*]

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. 22

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

INSTRUCTION NO. 23

Ms. Burke has sued her employer, James Mattis, the Secretary of Defense, in his official capacity as the head of the Defense Security Service ("DSS"). Ms. Burke is a female employee of DSS, and DSS is an agency within the United States Department of Defense.  Ms. Burke has asserted that she previously complained of discrimination on the basis of her gender and alleged disability, and that her supervisors subjected her to a hostile work environment in retaliation for those prior complaints of gender- and disability-based discrimination. DSS denies that it subjected Ms. Burke to a retaliatory hostile work environment.  The only claim at issue in this trial is Ms. Burke's claim of a retaliatory hostile work environment.   You are not here to determine whether DSS engaged in discrimination.

It is of course unlawful for an employer to subject an employee to a hostile work environment because she complained about gender- or disability-based discrimination, regardless of whether the underlying claims of discrimination were successful.  It is your responsibility to decide whether Ms. Burke in this case has proven by a preponderance of the evidence that her DSS supervisors subjected her to a hostile work environment because she engaged in protected activity. If you find that they did, you must assess compensatory or nominal damages in Ms. Burke's favor.

INSTRUCTION NO. 24

The plaintiff must prove that the defendant intentionally created a retaliatory hostile work environment based on her Title VII- and Rehabilitation Act-protected activity.  That is, she must prove each of the following elements by a preponderance of the evidence.

First, that Plaintiff engaged in protected activity.

Second, that Plaintiff was subject to unwelcome conduct.

Third, that absent Plaintiff's previous complaints of alleged gender- or disability-based discrimination, the conduct identified above would not have occurred.  The plaintiff has the burden of proving that DSS would not have taken the action or made the decision *but for* her protected activity.

Fourth, such conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive; and

Fifth, such conduct was imputable to her employer.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the defendant, and you need not proceed further in this claim.

<u>INSTRUCTION NO. 25</u>

    If you find that Ms. Burke filed a charge of gender discrimination with DSS's EEO Office, amended that charge, or otherwise participated in the investigation of that charge, then you must find that she engaged in protected activity.

<u>INSTRUCTION NO. 26</u>

In determining whether a work environment is "hostile" or "abusive," you must look at all the circumstances including:

- The reasonable expectations of Ms. Burke upon entering the environment;
- The frequency of the offensive conduct;
- The nature of the unwelcome conduct or words;
- The severity of the conduct;
- The total physical environment of Ms. Burke's work area;
- Whether the conduct was pervasive;
- Whether the conduct was direct toward Ms. Burke;
- Whether the conduct was physically threatening or humiliating;
- Whether it was merely an offensive utterance; and
- Whether it unreasonably interfered with Ms. Burke's work performance.

Conduct that only amounts to ordinary conflict in the workplace such as sporadic or occasional use of abusive language, occasional teasing, and/or petty slights does not constitute an abusive or hostile work environment.  Only extreme conduct amounting to a material change in the terms and conditions of employment can violate Title VII.

Ms. Burke bears the burden of demonstrating that her working environment was severe or pervasive—i.e., was permeated with retaliatory intimidation, ridicule, and insult on the basis of her protected activity that is sufficiently severe or pervasive to alter the conditions of Ms. Burke's employment.  Ms. Burke is entitled to prove the existence of a hostile work environment by showing the totality of the circumstances.

INSTRUCTION NO. 27

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well being of a reasonable person.

<u>INSTRUCTION NO. 28</u>

Ms. Burke must show that DSS retaliated against her.  However, Ms. Burke is not required to produce direct evidence of retaliation.  Retaliation may be inferred from the existence of other facts.

<u>INSTRUCTION NO. 29</u>

Ms. Burke must prove that DSS retaliated against her because of her protected activity.

Ms. Burke need not prove that her protected activity was the only factor causing a hostile work

environment.   However, Ms. Burke has the burden of proving that DSS would not have taken the

allegedly harassing actions but for her protected activity.   The mere fact that the plaintiff

engaged in protected activity, was treated differently, and that this protected activity was a

motivating factor in DSS's conduct, is not sufficient in and of itself, to establish a retaliatory

hostile work environment under the law.

INSTRUCTION NO. 30

If you find that DSS subjected Ms. Burke to a retaliatory hostile work environment, then you must determine whether Ms. Burke has proven that she is entitled to any compensatory damages for injuries that she has proven were caused by DSS's allegedly wrongful conduct. You may award damages for any emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other nonpecuniary losses, that Ms. Burke experienced as a consequence of DSS's unlawful actions.  No evidence of the monetary value of such intangible things as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other nonpecuniary losses has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any damages you award that you make should be fair in light of the evidence presented at the trial.

If you determine that Ms. Burke should receive compensatory damages, you should not include any amount for back pay, front pay, or lost past or future wages and benefits. The decision whether to award back pay and front pay, and the amount of back pay and front pay to be awarded, is for the Court alone in retaliation cases.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess-work.  On the other hand, the law does not require that Ms. Burke prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

<u>INSTRUCTION NO. 31</u>

If you find in favor of Ms. Burke, but find that Ms. Burke's damages have no monetary value, then you must return a verdict for Ms. Burke in the nominal amount of one dollar.

<u>INSTRUCTION NO. 32</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges–judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

A form of verdict has been prepared for your convenience.

[The form of verdict should be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise until after you have reached a unanimous verdict.

<u>INSTRUCTION NO. 33</u>

I am sending the exhibits which have been received in evidence during the trial with you

as you retire for your deliberations.