IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PATRICIA BURKE, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>JAMES MATTIS, Secretary, United States )<br>Department of Defense, )<br>)<br>*Defendant*. )<br>) | Case No. 1:16-cv-1256<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Injunctive Relief (Dkt. 116). Following a seven day trial, a jury returned a verdict in favor of Plaintiff Patricia Burke, finding that Ms. Burke's employer, the Defense Security Service (DSS), subjected her to a retaliatory hostile work environment in violation of Title VII and the Rehabilitation Act after she filed a formal complaint of gender discrimination. Evidence presented at trial included testimony that William Stephens, a manager at DSS supervising Ms. Burke, directly retaliated against Ms. Burke; that Mr. Stephens discussed with another DSS manager a tactic of isolating and harming the self-esteem of employees who file complaints; that Mr. Stephens previously retaliated against DSS employees using those tactics; that DSS managers interfered with the Equal Employment Opportunity (EEO) Office investigation into Ms. Burke's complaints; and that the EEO Office was aligned under the DSS Director's Chief of Staff instead of immediately under the Director.

Since the verdict, Ms. Burke has remained under the supervision of Mr. Stephens. In November 2017, immediately following the verdict in this case, Ms. Burke's annual performance evaluation score was downgraded from a 4.7 to a 3.3. Ms. Burke had to appeal that downgrade

initially to Mr. Stephens as the approving officer, who denied her a score upgrade. Ms. Burke subsequently appealed to a formal review panel, which found that she was entitled to a score of 4.2.

A court is compelled to grant injunctive relief to a plaintiff following a verdict that her employer violated Title VII and where there is reason to believe the unlawful conduct will continue. *See United States v. Gregory*, 871 F.2d 1239, 1246 (4th Cir. 1989); *Spencer v. Gen. Elec. Co.*, 894 F.2d 651, 660 (4th Cir. 1990). How that relief is crafted remains in the court's discretion. *Gregory* at 1246. The evidence adduced at trial and Ms. Burke's sworn statement regarding events that have transpired since trial demonstrate a systemic failure by DSS to comply with the law and to ensure cessation of the retaliatory hostile work environment.

For these reasons and for good cause shown, Plaintiff's Motion is **GRANTED**. Accordingly, the Court orders and adjudges the following relief.

1. The Court **ORDERS** the Director of the Defense Security Service to formally request that the Equal Employment Opportunity Commission (EEOC) conduct a full compliance review of the Defense Security Service's EEO program. The Defense Security Service will notice a copy of this formal request with the Court within 30 days of the date of this Order.

2. The Court **ORDERS** the Defense Security Service to notice the Court every 60 days on the progress of that review, notice the Court with the EEOC's final findings and recommendations upon their availability, and notice the Court with DSS's formal plan to implement any such recommendations.[1]

3. The Defense Security Service is **ENJOINED** from placing William Stephens, Franklin Malafarina, or Michael Buckley in Patricia Burke's chain of command. This relief is **STAYED**

---

[1] The Court reserves authority to order injunctive relief based on the findings of the EEOC and DSS's proposed implementation of those findings. While inclined to defer to the EEOC's judgment, the Court reads the immediate supervision requirement of 29 C.F.R. § 1614.102(b)(4) as absolute and non-delegable.

2

for 60 days from the date of this order to allow the parties time to conference with Magistrate Judge Anderson to craft a mutually agreeable realignment of Ms. Burke's position.

It is so **ORDERED**.

January 22, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge